UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Julius Mitchell, | ) | CASE NO. 1:15 CR 401-014 |
| | ) | 1:17 CV 1077 |
| Petitioner, | ) | |
| | ) | JUDGE PATRICIA A. GAUGHAN |
| Vs. | ) | |
| | ) | |
| United States of America, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

**INTRODUCTION**

This matter is before the Court upon petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 349). For the reasons that follow, the motion is DENIED.

**FACTS**

Pursuant to a written plea agreement, Petitioner entered a guilty plea on June 3, 2016, to conspiracy to possess with intent to distribute heroin and being a felon in possession of a firearm. Petitioner was determined to be a career offender under the United States Sentencing Guidelines based on four prior controlled substance felony offenses. Petitioner was sentenced on

1

September 27, 2016, to a term of 120 months custody to be followed by three years of supervised release. Petitioner did not file an appeal. He now seeks relief pursuant to 28 U.S.C. § 2255. The Government opposes Petitioner's motion.

**ANALYSIS**

A federal prisoner may challenge a sentence if it "was imposed in violation of the Constitution or laws of the United States ... or ... the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To prevail on a § 2255 motion, "the movant must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 497 (6th Cir. 2003). The petitioner has the burden of "sustaining [his] contentions by a preponderance of the evidence." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Petitioner did not request an evidentiary hearing and none is necessary because, for the reasons discussed below, the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Wright v. U.S.*, 320 Fed. Appx. 421, 426 (6th Cir. 2009).

**A. Ground One**

In his first ground for relief, Petitioner claims that his counsel was ineffective because he did not properly evaluate Petitioner's criminal history. Had he done so, Petitioner asserts that his sentence "would not have had a procedural error" that has caused his sentence to be in violation of his constitutional rights and the Sentencing Guidelines. Petitioner did not identify any specific procedural error in his sentence.

The Sixth Amendment guarantees a criminal defendant the right to effective counsel at

2

all "critical stages" of the criminal process. *McPhearson v. United States*, 675 F.3d 553, 559 (6th Cir. 2012). To establish an ineffective assistance of counsel claim, a petitioner must prove that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The deficient performance prong requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. In determining if counsel's performance was deficient, a court "must be highly deferential" and avoid the "distorting effects of hindsight." *Id.* at 689. The prejudice prong requires the petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the rest of the proceeding would have been different." *Id.* at 694. To show prejudice in the context of a guilty plea, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." *United States v. Wynn*, 663 F.3d 847, 851 (6th Cir. 2011) (citing *Short v. United States*, 471 F.3d 686, 691-92 (6th Cir. 2006)).

Here, Petitioner has failed to show that counsel's performance was deficient or that any error by counsel prejudiced him. In fact, because of Petitioner's long criminal history, counsel requested a pre-plea criminal history report so that they would "have the benefit of the Probation Department's analysis of [Petitioner's] criminal history in order to determine if the Probation Department concludes that he is a Career Offender or an Armed Career Criminal." (Doc. 34). The report identified four qualifying predicate offenses for a career offender classification. (Doc. 127). After receiving this report, Petitioner pled guilty. Petitioner has presented no evidence that counsel's performance fell below an objective standard of reasonableness or that there is a

3

reasonable probability that, but for counsel's errors, he would not have pleaded guilty. Ground one is denied.

### B. Ground Two

In his second ground for relief, Petitioner claims that he was assessed criminal history points in violation of the sentencing guidelines and that his prior Ohio convictions "fall squarely within the language of controlling case law." Petitioner, however, does not explain how his criminal history points violate the sentencing guidelines, what "controlling case law" he is referring to, or how such case law supports his argument that he was erroneously assessed criminal history points. Ground Two is denied.

### C. Ground Three

In Ground Three, Petitioner claims that his prior convictions no longer qualify for an enhancement under the sentencing guidelines and *Mathis v. United States*, 136 S. Ct. 2243 (2016)  (holding that, for purposes of determining whether an offense qualifies as a predicate offense under the Armed Career Criminal Act, the court takes a categorical approach, looking to the statutory elements of the offense rather than the particular means of commission). Petitioner was determined to be a career offender based on four prior felony controlled substance offenses. Only two prior controlled substance offenses are required for career offender designation, and Petitioner has not shown how any of his prior controlled substance offenses was improperly used as a predicate. Ground Three is denied.

### **CONCLUSION**

For the foregoing reasons, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 349) is DENIED. Furthermore, the Court certifies, pursuant to

28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

    IT IS SO ORDERED.


                        /s/ Patricia A. Gaughan
                        PATRICIA A. GAUGHAN
                        United States District Court
                        Chief Judge

Dated: 7/17/17